JUDGE HELLERSTEIN                    11 CV 1230

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,              :

      Plaintiff,                      :

   - v. -                                :         VERIFIED COMPLAINT
                                                 FEB 23 2011
$1,153,680.00 IN UNITED STATES         :   11 Civ.    U.S.D.C. S.D.N.Y.
CURRENCY, AND                                       COMPLETED
                                       :
ONE 2005 DODGE DURANGO, VIN #
1D4HB38N75F575895,                     :

      Defendants-in-rem.             :
- - - - - - - - - - - - - - - - - - x

      Plaintiff United States of America, by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, for its complaint alleges as follows:

## I. JURISDICTION AND VENUE

      1.   This action is brought pursuant to Title 21, United States Code, Section 881(a) and Title 18, United States Code, Section 981(a)(1) by the United States of America seeking the forfeiture of $1,153,680.00 in United States currency (the "Defendant Currency") and a 2005 Dodge Durango, Vehicle Identification Number 1D4HB38N75F575895 (the "Subject Vehicle" and, together with the Defendant Currency, the "Defendant Property"), seized on or about October 6, 2010, from Gabriel Euclides Berroa in Bronx, New York.

      2.   This Court has jurisdiction pursuant to Title 28, United States Code, Sections 1345 and 1355. Venue is proper pursuant to Title 28, United States Code, Sections 1355(b) and

1395(b) because the actions giving rise to forfeiture took place in the Southern District of New York and the Defendant Property was found and seized in the Southern District of New York.

3. The Defendant Property is presently in the custody of the United States Drug Enforcement Administration ("DEA").

## II. PROBABLE CAUSE FOR FORFEITURE

4. On or about October 6, 2010, the Honorable Bruce Allen, Justice of the Supreme Court of the State of New York, County of New York, Criminal Division, issued a warrant to search the basement apartment of premises known as of 32-17 Barker Avenue, Bronx, New York (the "Stash House").

5. A law enforcement officer observed an individual, later identified as Gabriel Berroa, exit the rear of the Stash House empty-handed and enter the driver's side of a sport utility vehicle, later identified as the Subject Vehicle. Berroa did not turn the Subject Vehicle on or drive anywhere. Approximately 40 minutes later, Berroa left the Subject Vehicle empty-handed and returned to the Stash House through the rear entrance.

6. Nearly three hours later, Berroa again left the Stash House through the rear, carrying a suitcase. Berroa approached the Subject Vehicle and attempted to place the suitcase in the rear compartment. A law enforcement officer approached Berroa and identified himself. Berroa immediately stated that he wanted a lawyer.

7. Law enforcement officers executed the search warrant on the Stash House. The Stash House had very little clothing or furniture inside of it. With the exception of one pot, there were no cooking materials in the kitchen area. There were pillows in the windows of the apartment, obstructing anyone from being able to view the inside.

8. In the rear bedroom closet of the Stash House, officers found a black duffel bag containing cash, mostly bundled in rubber bands, and a cardboard box containing cash and a money counter. The cash in the duffel bag and the cardboard box totaled approximately $725,260 ("Subject Currency-1").

9. In the rear bedroom of the Stash House, officers found, among other things, numerous plastic bags, rubber bands, black bags, an empty roll packaging box, and approximately twelve cellular phones.

10. In the rear bedroom of the Stash House, officers also found, among other things, receipts showing purchases from gas stations and stores at various points between Florida and New York, dated approximately three days earlier.

11. In the kitchen of the Stash House, officers found, among other things, two vacuum sealers.

12. Officers searched the Subject Vehicle and found a secret compartment below the rear passenger seats. In the secret compartment was approximately $428,420 in cash in numerous

3

plastic-wrapped bundles. ("Subject Currency-2"). On the outside of the plastic wrapping, each bundle had a number written in blue marker, such as "20," "40," or "100."

13. After the Subject Currency was found, Berroa was placed under arrest. On his person, Berroa had two additional cellular phones, among other things.

14. In the Subject Vehicle were several boxes of prepaid calling cards.

15. The Subject Currency was placed into four evidence bags when it was seized from the Subject Vehicle and the Stash House. A drug dog trained to detect narcotics alerted to three of the four bags, indicating the cash was positive for the scent of narcotics.

16. The Subject Vehicle is registered in the name of an individual other than Berroa.

17. On or about July 16, 2009, Berroa was stopped by law enforcement while driving a 2006 Subaru Tribeca in the Bronx, New York. After Berroa consented to a search of his vehicle, officers found a cardboard box containing approximately $495,500 in United States currency bundled into stacks of approximately $10,000 each. Berroa disclaimed any ownership interest in the $495,000. Berroa had slips of paper with what appeared to be money laundering codes written on them. Law enforcement officers then obtained a warrant to search Berroa's hotel room at the Best

4

Western on Sheridan Expressway in the Bronx, where they found a duffel bag with an additional approximately $79,631 in cash in bundles, cardboard boxes, rubber bands, a ledger, six cellular telephones, and a variety of electronics equipment designed to detect electronic surveillance.

### III. CLAIMS FOR FORFEITURE

18. The allegations set forth in paragraphs one through seventeen of this Verified Complaint are repeated and re-alleged as if fully set forth herein.

19. Title 21, United States Code, Section 881(a)(4) and (6) state:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them: . . .
>
> (4) All conveyances, including . . . vehicles . . . which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1) [unlawful controlled substances] [and] (2) [materials used to unlawfully manufacture, compound, process, deliver, import, or export controlled substances] . . . .
>
> (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

5

20. Title 21, United States Code, Section 981(a)(1)(A) subjects to forfeiture:

> Any property, real or personal involved in a transaction or attempted transaction in violation of section 1956 . . . of this title, or any property traceable to such property.

21. Title 18, United States Code, Section 1956, provides in relevant part that:

> (a)(1) Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity-
>
> (A)(i) with the intent to promote the carrying on of specified unlawful activity; . . . [or]
>
> (B) knowing that the transaction is designed in whole or in part-
>
> (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity [shall be guilty of a crime].

22. Title 18, United States Code, Section 1956(c)(7) provides in relevant part that "specified unlawful activity" includes offenses listed in Title 18, United States Code, Section 1961(1). Section 1961(1), in turn, lists, among other offenses, "the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in Section 102 of the Controlled

6

Substances Act), punishable under any law of the United States . . . ."

23. By reason of the above, the Defendant Property is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a) and 18 U.S.C. § 981(a)(1) because there is probable cause to believe that it constitutes property derived from, traceable to, or that facilitated the commission or intended commission of controlled substance transactions and money laundering.

WHEREFORE, Plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendant Property and that all persons having an interest in the Defendant Property be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendant Property to the United States of America for disposition according to the law, and that this Court grant Plaintiff such further relief as this court may deem just and proper, together with the costs and disbursements of this action.

Dated:  New York, New York
        February 22, 2011

                PREET BHARARA
                United States Attorney for the
                Southern District of New York
                Attorney for the Plaintiff
                United States of America

By: _____
       Michael D. Lockard
       Assistant United States Attorney
       One St. Andrew's Plaza
       New York, NY 10007
       (212) 637-2193
       michael.lockard@usdoj.gov

## VERIFICATION

STATE OF NEW YORK            )
COUNTY OF NEW YORK           )
SOUTHERN DISTRICT OF NEW YORK )

EVAN MARTINEZ, being duly sworn, deposes and says that he is a Special Agent with the Drug Enforcement Administration, and, as such, has responsibility for the within action; that he has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of his own knowledge, information, and belief.

The sources of the deponent's information and the grounds for his belief are his personal knowledge and the official records and files of the United States Government.

Dated:   New York, New York
         February 22, 2011

_____
Evan Martinez
Special Agent
Drug Enforcement Administration

Sworn to before me this
22nd day of February, 2011

_____
Notary Public

MARCO DASILVA
Notary Public, State of New York
No. 01DA6145603
Qualified in Nassau County
My Commission Expires May 8, 2014